

# The Attorney General of Texas

May 29, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Oscar H. Mauzy
Chairman
Committee on Jurisprudence
Texas State Senate
Austin, Texas 78711

Opinion No. MW-346

Re: Constitutionality of provisions regulating abortion

Dear Senator Mauzy:

You have requested our opinion regarding the constitutionality of House Bill 578, presently pending before the 67th Legislature. The bill would add section 35.06 to the Family Code, as follows, in pertinent part:

> Section 35.06. CONSENT FOR ABORTION. (a) Except as provided by Section 35.03(a)(2) of this code, and in cases of incest, a physician may not perform an abortion upon a pregnant child unless the physician has received written consent for the abortion from:
>
> (1) the child upon whom the abortion is to be performed; and
>
> (2) either the person or persons authorized to consent under Subsection (b) of this section or the judge of a court having probate jurisdiction in the county in which the child resides.
>
> (b) If the judge of a court having probate jurisdiction in the county of the child's residence does not consent to the abortion under Subsection (f) of this section or if no application for a judge's consent is filed, the following person or persons must consent to the abortion under Subsection (a)(2) of this section:
>
> (1) the parent of the child, if the child has only one parent and if no managing conservator, guardian of the person of the child, or other custodian for the child has been appointed;
>
> (2) one parent of the child, if the parent-child relationship exists between the child and both parents, if no managing conservator, guardian of the person of the child, or custodian for the child has been appointed, and if one parent is not available within a reasonable time to consent;

(3) both parents of the child if the parent-child relationship exists between the child and both parents, if no managing conservator of the child, guardian of the person of the child, or custodian for the child has been appointed, and if both parents are available within a reasonable time to consent; or

(4) the managing conservator, guardian of the person of the child, or custodian for the child if a managing conservator, guardian, or custodian has been appointed for the child.

. . . .

(d) The consent form must be received by the physician who is to perform the abortion not later than 24 hours before the abortion is performed.

(e) The consent form shall be kept by the physician for at least two years from the date of the abortion or until the child attains the age of fourteen, whichever is longer.

. . . .

(f) (5) The court shall determine if the child is of sufficient maturity and ability to give an informed consent to the abortion.  If the court finds that she possesses sufficient maturity and ability, the court shall consent to the abortion. If the court determines that the child does not possess sufficient maturity and ability, the court shall then determine if the abortion is in her best interests.  If the abortion is in the best interests of the child, the court shall consent to the abortion. The court shall make the court's findings and conclusions in writing and a part of the record of the case.

(6) If the court does not consent to the abortion, the court shall inform the child of her right of appeal to the court of civil appeals.  If the child has not previously asked for the appointment of an attorney ad litem and the child indicates a desire to appeal the court's ruling, the court shall appoint an attorney ad litem at this time.

(7) The appeal shall be on the records and files of the procedings in the lower court and shall take precedence over other appeals pending before the court.   The appellate proceedings shall be confidential.

(g) The decision to consent or withhold consent by a parent, managing conservator, guardian of the person, or other legal

custodian shall be based on the best interests of the child.

(h) Before an abortion may be performed upon a child, the physician shall certify that he has notified or that it was not possible to notify the appropriate person or persons specified in subsection (b) of this section of the proposed abortion.  This provision shall not apply if there is an emergency requiring immediate action.  The child seeking an abortion is required to inform her attending physician, who has agreed to perform the abortion, concerning where her parents, guardian, or other appropriate persons specified in subsection (b) of this section may be reached, in order to assist the physician in giving the required notification.  The physician is not required to notify the person or persons specified in subsection (b) of this section if it is determined by a court having probate jurisdiction that such notification would not be in the best interests of the child.

(i) A physician commits an offense if the physician performs an abortion on a child to whom this section applies in violation of subsections (a), (d), or (h) of this section.  It shall be an affirmative defense to prosecution under this section that there existed an emergency in which complying with this section was not medically feasible.  (Emphasis added).

House Bill 578 speaks to two issues related to a pregnant minor's right to an abortion — consent and notification, both of which have been the subject of recent decisions of the United States Supreme Court.  In Planned Parenthood of Central Missouri v. Danforth, 428 U.S. 52 (1976), the Supreme Court held that a state had no authority to permit either parent of a pregnant minor to exercise an absolute veto over the decision of the physician and his patient to terminate the minor's pregnancy.  428 U.S. at 74.  In Bellotti v. Baird, 443 U.S. 622 (1979), a plurality of the court held that, in Massachusetts, the constitutional right of a minor to seek an abortion was "unduly burdened by state-imposed conditions upon initial access to court." 443 U.S. at 648. The decision also discussed the issue of parental notification:

> . . . every minor must have the opportunity — if she so desires — to go directly to a court without first consulting or notifying her parents.  If she satisfies the court that she is mature and well enough informed to make intelligently the abortion decision on her own, the court must authorize her to act without parental consultation or consent.  If she fails to satisfy the court that she is competent to make this decision independently, she must be permitted to show that an abortion nevertheless would be in her best interests.  If the court is persuaded that it is, the court must authorize the abortion.  If, however, the court is not persuaded by the minor that she is mature or that the abortion would be in her best interests, it may decline to sanction the operation.

443 U.S. at 647-48.

Finally, in H. L. v. Matheson, 67 L. Ed. 2d 388 (1981), a pregnant minor challenged a Utah statute which required the physician performing the abortion to "notify, if possible," her parents. A majority of the court upheld the Utah statute as to this plaintiff, on the narrow ground of standing, inasmuch as plaintiff did not allege either (1) that she was mature and well enough informed to make intelligently the abortion decision on her own; or (2) that, in any event, notification to her parents would not be in her best interests. On the basis of a complaint which omitted both of these allegations, the court held that the statutory requirement of parental notification, "as applied to immature and dependent minors," served a valid state interest. 67 L. Ed. 2d, at 399,401. Although the majority opinion specifically avoided the question of the Utah statute's constitutionality as applied to other pregnant minors, it is clear that at least five members of the court, including two concurring and three dissenting justices, would permit required parental notification only in the event of a court ruling adverse to the minor on the issues of (1) maturity and (2) best interests.

Your first question is whether House Bill 578 violates the constitutional right of privacy announced in Roe v. Wade, 410 U.S. 113 (1973), by prescribing that a physician may not perform an abortion on an unmarried girl under 18 unless he receives judicial, parental or custodial consent. In Bellotti v. Baird, supra, the court said that:

> if the State decides to require a pregnant minor to obtain one or both parents' consent to an abortion, it also must provide an alternative procedure whereby authorization for the abortion can be obtained.

443 U.S. at 643. Section 35.06 furnishes just such an "alternative procedure." Judicial consent, standing alone, is sufficient under section 35.06 to permit a pregnant minor to obtain an abortion. Subsection (a)(2). Furthmore, judicial consent is mandatory upon the court's affirmative finding on the issues either of (1) maturity, or (2) best interests. Subsection (f)(5). See Baird, 443 U.S. at 650. Thus, the "alternative procedure" prescribed by the statute entirely satisfies the constitutional requirements imposed by the court in Baird. 443 U.S. at 643-47.

You also ask whether the statute's requirement of consent from both parents has any effect upon our answer to your first question. In Baird, the court said that, so long as the "alternative procedure" described above is available to the pregnant minor, "the requirement of obtaining both parents' consent" does not burden "a minor's right to seek an abortion." Id. at 649.

Your third question inquires about the constitutionality of the statute's use of the term "reasonable time" in subsections (b)(2) and (b)(3). In our opinion, in the context of an abortion decision, "reasonable time" is neither so vague nor so overbroad as to render the statute invalid. The supreme court has repeatedly emphasized "the unique nature of the abortion decision," whose option "effectively expires in a matter of

weeks from the onset of pregnancy." Baird at 642.  As the court noted in H. L. v. Matheson, supra, "time is likely to be of the essence in an abortion decision."  67 L. Ed. 2d at 400.  We believe that a court would view the "reasonable time" language of section 35.06 within the framework of the need for an expedited procedure. Accordingly, we do not believe that the term "reasonable time" is either so vague or so overbroad as to render section 35.06 unconstitutional.

Finally, you ask whether the language in the Powell plurality opinion in Baird, with respect to alternatives to parental consent, is controlling in light of the Stevens concurrence and the White dissent.  Although the language of the Baird plurality opinion was adopted by only four members of the court, four other members appear to have endorsed the concept of an "alternative procedure" outlined there and given effect in section 35.06.  The concurring opinion of Justice Stevens objected to what it viewed as the plurality's approval of the judge's right of absolute veto over the minor's decision to abort, even if he found in her favor on the issue of maturity.  Whatever the status of the Baird plurality opinion in light of the majority opinion in H. L. v. Matherson, supra, it is clear that section 35.06 satisfies Justice Stevens' objections in Baird by requiring the judge to consent to the abortion upon a finding favorable to the pregnant minor on the issue of maturity.  Thus, for purposes of your inquiry regarding the constitutionality of the "alternative procedure" of section 35.06, we conclude that it is valid under both the plurality opinion and the Stevens concurring opinion in Baird.

You have also raised the question whether subsection (h) of section 35.06 fully comports with constitutional requirements.  That provision requires a physician, before he may perform an abortion upon a pregnant minor, to attempt to notify one of the persons specified in subsection (b), e.g., either a parent or a custodian, and to certify that he has made such an attempt.  The physician is exempted from this requirement only "if it is determined by a court having probate jurisdiction that such notification would not be in the best interests of the child."  Subsection 7(h).

The exception thus provides only one of the two means of avoiding parental notification which a majority of the court appears to favor.  In Matheson, the concurring opinion of Justice Powell, expressing the view of two members, declares:

> In sum, a state may not validly require notice to parents in all cases, without providing an independent decisionmaker to whom a pregnant minor can have recourse if she believes that she is mature enough to make the abortion decision independently or that notification otherwise would not be in her best interests. (Emphasis added).

67 L. Ed. 2d. at 405.  The dissent in Matheson, representing the view of three other justices, holds that mandatory parental notice is unconstitutional per se, since "it burdens the minor's fundamental right to choose with her physician whether to terminate her pregnancy."  Id. at 426.  It thus appears that at least five members of the court would find unconstitutional the parental notification provision of section

35.06 in its present form.  In our opinion, this defect can be cured by altering the language of subsection (h) to reflect Justice Powell's concern in Matheson.  So amended, the final sentence of subsection (h) would provide:

> The physician is not required to notify the person or person specified in subsection (b) of this section if it is determined by a court having probate jurisdiction that 1) the child seeking the abortion objects to such notification and the court finds that she possesses sufficient maturity and ability to make the abortion decision independently; or 2) notification otherwise is not in the best interests of the child.

With this caveat, we conclude that section 35.06 is constitutional.

## SUMMARY

The consent provisions of House Bill 578 are constitutional. The parental notification provision would not be held constitutional unless the bill were amended to permit a physician not to notify a pregnant minor's parents whenever the appropriate court finds that the pregnant minor objects to such notification and has sufficient maturity to make the abortion independently; or    that notification is not otherwise in the best interests of the minor.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY, III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Bill Campbell
Rick Gilpin
Jim Moelinger